[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Plaintiff filed a Motion to Reopen Judgement and Award Counsel Fees dated July 10, 2000. The court will consider the motion as one requesting counsel fees in connection with the appeal and for motions to reopen and reargue filed by the defendant. It does not require the reopening of the judgement for the court to act on the Plaintiff's motion.
CT Page 12225 From the plaintiff's appellate brief the court finds that the subject of the appeal was whether the trial court's (Axelrod, J.) failure to find that the parties reached an agreement on personal property was unreasonable and an abuse of discretion. The same issue of personal property and an alleged agreement of the parties was the subject of motions to reopen and reargue filed by the Defendant dated August 10, 2000 which the court denied on today's date.
A review of the file shows that the same issues of personal property and an alleged agreement have been considered by the court on several prior occasions. A Motion to Reargue was denied by Judge Axelrod on October 27, 99, a Motion to Correct Memorandum of Decision was denied by Judge Axelrod on March 3, 2000, a Motion to Enforce Settlement Agreement was denied by Judge Robaina on April 12, 2000 and as stated Motions to Reopen and Reargue were denied by this court. It is obvious the Defendant has strong feelings about the personal property.
The defendant also filed an appeal to the Appellate Court on November 12, 1999 and it is for the defense of that appeal that the Plaintiff requests counsel fees. The court notes that in her appellate brief the Plaintiff represents that the Defendant misrepresented the record in the case because, she claims, the Exhibit 10 submitted with Defendants's brief was not the Exhibit 10 actually admitted into evidence. The court also notes that the Defendant, who has vigorously pursued the personal property issue, withdrew his appeal after the Plaintiff filed her appellate brief.
The power of the court to award counsel fees for the defense of an appeal in dissolution of marriage actions is well established. Friedlanderv. Friedlander, 191 Conn. 81, 87 (1983) As part of its consideration of the criteria set out in C.G.S. 46b-62 and 46b-82 the court has reviewed the judgement in the matter dated August 31, 1999. In the judgement the Defendant was ordered to pay the plaintiff as property the sum of $26,000 at the rate of $100 week. This court finds that if the Plaintiff is required to pay the counsel fees to defend the appeal it would undermine the provisions of the judgement which were carefully crafted by Judge Axelrod.
Current financial affidavits have been submitted to the court by the parties. The plaintiff does not have liquid assets which can be used to pay attorneys fees. The defendant shows $2000 in his checking account and shows $864.30 net weekly income. At the time of the dissolution of the marriage Judge Axelrod found the defendants weekly net income to be $1051. The defendant has attached schedules from his recent bankruptcy filing to his financial affidavit. Schedule I, Current Income, states that the defendants net monthly take home pay is $4667 or approximately CT Page 12226 $1085 weekly. The court finds that the defendant has the capacity to earn a weekly net income of $1085.
The court orders that the defendant pay counsel fees to defend the appeal and the motions to reargue and modify in the amount of $5107.50. "This award of counsel fees is to be paid to Plaintiff's counsel at the rate of $100 per week commencing October 13, 2000.
Domnarski, J.